UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ROBERT HEITMAN, J.R.,
individually and on behalf of the
marital community, and CONKLIN
DEVELOPMENT, a Washington general
partnership,

           Plaintiffs,

        v.

CITY OF SPOKANE VALLEY, a
political subdivision of the
State of Washington,

           Defendant.

No. CV-09-0070-FVS

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the parties' cross-motions for summary judgment. Plaintiffs are represented by Timothy Lawlor, Stacy A. Bjordahl, and Nathan G. Smith. Kenneth W. Harper, Cary P. Driskell and Michael F. Connelly represent Defendant.

**BACKGROUND**

Plaintiff Conklin Development was the record owner of the property at issue in this lawsuit. Plaintiff Robert Heitman manages Conklin Development and is a 50% owner. Mr. Heitman is a real estate developer, general contractor, and home builder.

On October 23, 2007, Defendant City of Spokane Valley ("the City") recorded a Title Notice concerning Plaintiffs' property affecting a 25 foot wide strip running along the southern boundary of Plaintiffs' parcel. The Title Notice indicates that the 25 foot wide Future Acquisition Area ("FAA") is necessary for a right-of-way to

ORDER . . . - 1

extend Appleway Avenue.[1]  The City has indicated it will pay fair

market value for the FAA at the time it is needed for the construction

of Appleway Avenue.

_____

[1]The Title Notice provides as follows:

[T]he City of Spokane Valley . . . is imposing a future
acquisition area necessary for right-of-way required to
extend Appleway Avenue . . . and to implement provisions set
forth in the Comprehensive Plan.  The future acquisition
area and restrictions placed thereon shall consist of the
following:

a.    A 25 foot wide strip of property running along the
      southern boundary of the parcel and abutting the
      current right of way is reserved for a future
      acquisition area.

b.    Future building and other setbacks required by the City
      of Spokane Valley Zoning Code shall be measured from
      the future acquisition area boundary.  Exceptions to
      the full setback may be administratively granted
      pursuant to Section 14.710.300.

c.    No required parking or stormwater facilities shall be
      located within the future acquisition area unless an
      administrative exception has been granted pursuant to
      SVMC 14.710.  All physical structures placed within the
      future acquisition area shall require approval pursuant
      to SVMC 14.710.100.

d.    The future acquisition area, until acquired, shall be
      private property and may be used as allowed in the
      zone, except that any improvements (such as
      landscaping, surface drainage, signs or others) shall
      be considered interim uses.

e.    The responsibility for relocating any improvements
      placed with the future acquisition area, which have
      been approved by the City of Spokane Valley pursuant to
      SVMC 14.710.300, shall be as set forth in the approval
      document.

(Ct. Rec. 39, Affidavit of Robert Heitman, Exh. E).

ORDER . . . - 2

Plaintiffs allege that the City's actions were an arbitrary and unlawful interference with property rights and violated Plaintiffs' rights to the due process of law. (Complaint ¶ 6.3). Plaintiffs additionally allege a claim based on RCW 64.40.020 arising out of the same circumstances. (Complaint § 6.9). Plaintiffs previously stipulated to a dismissal of all claims arising out of Washington's Land Use Petition Act, RCW 36.70C. Plaintiffs have thus withdrawn their previous contention that the City Hearing Examiner engaged in an unlawful procedure with respect to the hearings held on the FAA and their previous request to reverse the decision of the Hearing Examiner.

**DISCUSSION**

**I.    LEGAL STANDARD**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) (A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute regarding a material fact raises a genuine issue for trial only "if the evidence is such that a

ORDER . . . - 3

reasonable jury could return a verdict for the nonmoving party." *Id.*
"Where the record taken as a whole could not lead a rational trier of
fact to find for the non-moving party, there is no 'genuine issue for
trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.
574, 587-588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting
*First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253,
289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). "[A]ll that is
required is that sufficient evidence supporting the claimed factual
dispute be shown to require a jury . . . to resolve the parties'
differing versions of the truth." *First National Bank of Arizona*, 391
U.S. at 288-289, 88 S.Ct. at 1592.

Here, the facts upon which the Court relies are either undisputed
or established by evidence that permits but one conclusion concerning
the fact's existence.

## II.   CONSTITUTIONAL TAKINGS CLAIM

Plaintiffs' motion asserts that the sole issue for the Court to
decide is whether under the Washington state constitution the
government is required to pay just compensation before it takes
private property for a future right-of-way.  (Ct. Rec. 34 at 1).
Plaintiffs argue that the FAA deprived them of all economically viable
use of the property; therefore, they are entitled to just compensation
for the imposition of the FAA on the property they owned.

The Washington state constitution provides that "[n]o private
property shall be taken or damaged for public or private use without
just compensation having been first made." Wash. const. art. I, § 16.
The Takings Clause of the Fifth Amendment, made applicable to the

ORDER . . . - 4

states through the Fourteenth Amendment, provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Therefore, the Washington state constitution and the Takings Clause of the Fifth Amendment provide the same rights. *See Sintra, Inc. v. City of Seattle*, 119 Wash.2d 1, 13 (1992). Plaintiffs assert that based on the undisputed facts of record, they should be awarded summary judgment on this takings claim.

The City responds that the takings claim should be dismissed because (1) Plaintiffs failed to specifically plead the claim, (2) Plaintiffs do not own the real property affected by the FAA, and (3) the anti-piecemealing rule defeats Plaintiffs' motion for summary judgment on the takings claim.

### A.    Failure to Plead

Plaintiffs' complaint alleges (1) a claim under 42 U.S.C. § 1983 for the deprivation of due process pursuant to the Fourteenth Amendment (Complaint ¶ 6.3), (2) a damages claim pursuant to RCW 64.40 (Complaint ¶¶ 6.8-6.9), and (3) claims arising out of Washington's Land Use Petition Act, RCW 36.70C.[2] Plaintiffs' complaint does not assert a specific takings claim.

Although Plaintiffs fail to explicitly allege a takings cause of action in the complaint, the complaint mentions that Plaintiffs' private property was improperly taken "for public use without the

---

[2]Plaintiffs have stipulated to a dismissal of all claims arising out of Washington's Land Use Petition Act, RCW 36.70C (Ct. Rec. 24); therefore, Plaintiffs' only remaining causes of action specifically asserted in the complaint arise out of Section 1983 and RCW 64.40.

payment of just compensation" (Complaint ¶ 3.2) and that the Hearing Examiner's decision amounted to "a taking of the property without the payment of just compensation" (Complaint ¶ 5.5).  As noted by Plaintiffs, the basis for each of the claims asserted in the complaint is a governmental taking without the payment of just compensation. (Ct. Rec. 48 at 6).

While Plaintiffs indicate they are willing to amend the complaint (Ct. Rec. 48 at 7), it appears that the City has been fully apprised of Plaintiffs' takings claim and has sufficiently addressed the claim in its briefing on the cross-motions for summary judgment.  The Court determines that amendment is unnecessary, and Plaintiffs' takings claim shall not be dismissed for the failure to plead the claim.

**B.   Ownership of Property at Issue**

The City contends that Plaintiffs do not own the real property affected by the regulations of which they complain.  (Ct. Rec. 29 at 3).  The City claims that the property at issue is owned by the Spokane County Library District ("SCLD") pursuant to a purchase and sale agreement executed on July 23, 2007, and closed on October 30, 2007.[3]  Plaintiffs respond that they seek compensation for the taking of all land as a result of the FAA on October 23, 2007.  They argue that whether the parcel was divided and sold at a later date is not

---

[3]In July 2007, negotiations began between Conklin Development and the SCLD for land suitable for a new branch library.  A purchase and sale agreement was executed on July 23, 2007.  Mr. Heitman later expanded the width of the property conveyed to SCLD by an additional 25 feet in order to accommodate the FAA.  The sale between Conklin Development and SCLD closed on October 30, 2007.

ORDER . . . - 6

relevant to their takings claim.  (Ct. Rec. 48 at 3, 7-8, 11).  The Court finds that the issue pertains to all of Plaintiffs' relevant property as of October 23, 2007, not merely the portion conveyed to SCLD at a later date.

### C.  Anti-Piecemealing Rule

The City argues that Plaintiffs have presented no evidence regarding the effect of the FAA on the property as a whole, and the FAA's impact on only the 25-foot strip of land is irrelevant to a takings claim.  (Ct. Rec. 43 at 3-6; Ct. Rec. 54 at 3-6).

The anti-piecemealing rule holds that a regulatory scheme's economic impact is to be determined by viewing the full bundle of property rights in its entirety.  *See Presbytery of Seattle v. King County*, 114 Wash.2d 320, 333-334, 787 P.2d 907, 915 (1990) ("neither state nor federal law has divided property into smaller segments of an undivided parcel of regulated property to inquire whether a **piece** of it has been taken or whether a due process violation has occurred with regard to a **piece** of regulated property.  Rather, we have consistently viewed property in its **entirety**.") (emphasis in original).  Federal case law has also applied the anti-piecemealing rule.  *See Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 130-131, 98 S.Ct. 2646, 2662, 57 L.Ed.2d 631 (1978) ("'Taking' jurisprudence does not divide a single parcel into discrete segments and attempt to determine whether rights in a particular segment have been entirely abrogated.  In deciding whether a particular governmental action has effected a taking, this Court focuses rather both on the character of the action and on the nature and extent of the interference with the

ORDER . . . - 7

rights in the parcel as a whole[.]"); *see also Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 498, 107 S.Ct. 1252, 94 L.Ed.2d 472 (1987) (rejecting piecemealing theory based on "separate segment" of property for takings law purposes: "[m]any zoning ordinances place limits on the property owner's right to make profitable use of some segments of his property.").

Here, the valuation opinion of Plaintiffs' expert, Mr. Sherwood, relates solely to the FAA strip standing alone. (Ct. Rec. 38). Moreover, deposition testimony of the City's expert, Mr. Jolicoeur, which Plaintiffs rely upon extensively in their briefing, also addresses only the value of the FAA area. (Ct. Rec. 34 at 13-15). Consequently, Plaintiffs' motion for summary judgment does not present evidence about the value of the entire bundle of property affected by the regulated 25-foot strip. Plaintiffs have not satisfied their burden of proving that they have been denied the economically viable use of their property. A disputed issue of material fact thus exists with regard to the economic impact of the FAA on the property. This disputed issue of material fact defeats Plaintiffs' motion for summary judgment on their takings claim.

However, even if the Court were to conclude that the anti-piecemealing rule does not establish a disputed issue of material fact, the Court determines that Plaintiffs' takings claim should be dismissed on its merits in any event. *See infra*.

**D.   Merits of Takings Claim**

Plaintiffs contend that the FAA deprived the property at issue of all of its economic value which resulted in a taking without the

ORDER . . . - 8

payment of just compensation.  In addition to the problems associated with the anti-piecemealing rule discussed above, Plaintiffs' argument lacks support.

As indicated by the City, Plaintiffs' have not discussed the *Gunwall* factors[4] for state constitutional review.  (Ct. Rec. 43 at 6). If a party does not provide constitutional analysis based upon the factors set out in *Gunwall*, the court will not analyze the state constitutional grounds in a case.  *First Covenant Church of Seattle v. City of Seattle*, 120 Wash.2d 203, 223-224 (1992).

In any event, Washington state courts have expressed an intent for a regulatory takings analysis to be consistent with the federal constitution.  *See Orion Corp. v. State*, 109 Wash.2d 621, 657-658 (1987) ("[I]n order to avoid exacerbating the confusion surrounding the regulatory takings doctrine, and because the federal approach may in some instance provide broader protection, we will apply the federal analysis to review all regulatory takings claims.").  Based on the foregoing, the Court shall confine its regulatory takings analysis to the federal constitution.

Regulatory takings claims require some governmental regulation that compels the owner to sacrifice all economically viable use of his or her property.  *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1019 (1992).  "When the owner of real property has been called upon to sacrifice *all* economically beneficial uses in the name of the

---

[4]Six nonexclusive factors, set forth in *State v. Gunwall*, 106 Wash.2d 54, 59 (1986), are relevant in determining whether the Washington state constitution extends broader rights to citizens than the federal constitution.

common good, that is, to leave his property economically idle, he has suffered a taking." *Lucas*, 505 U.S. at 1019 (emphasis in original). A regulatory takings plaintiff must be able to demonstrate economic burdens on property that are so severe that they are the functional equivalent of physical dispossession. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 538, 532–547 (2005).

Regulatory takings challenges are governed by the standards set forth in *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978). *Lingle*, 544 U.S. at 538. The *Penn Central* Court identified several factors that have particular significance in evaluating regulatory takings claims. *Id.* Primary among those factors are the economic impact of the regulation on the claimant and the extent to which the regulation has interfered with distinct investment-backed expectations. In addition, the character of the governmental action may be relevant in discerning whether a taking has occurred. *Id.* at 538–539.

### 1.  Economic Impact

Plaintiffs argue that the experts retained by both parties agree that the property affected by the FAA is deprived of all economic value. (Ct. Rec. 34 at 12-15). Plaintiffs thus contend that there is no genuine issue of material fact that the FAA deprived them of all economically viable use of the land. (Ct. Rec. 34 at 12). This is not the case.

Plaintiffs' expert, Mr. Dewitt Sherwood, assigned no value to the FAA strip. However, as noted above, Mr. Sherwood's appraisal opinion did not take into consideration the property as a whole. Mr.

ORDER . . . – 10

Sherwood's opinion of valuation relates solely to the FAA strip standing alone.  (Ct. Rec. 38).

The City's expert, Mr. Bruce C. Jolicoeur, prepared an opinion which demonstrates the diminution in value attributable to the FAA in relationship to the larger parcel as a whole.  (Ct. Rec. 45).  Mr. Jolicoeur indicated it was **assumed** that the FAA would deprive an owner of all durable use.  (Ct. Rec. 45 ¶ 10).  However, Mr. Jolicoeur opined that the FAA caused a 12.8% diminution in value to the larger parcel of the SCLD, not a total reduction in value.[5]

Many land uses are still permitted in the FAA area.  The FAA has not precluded Plaintiffs' rights to exclusively possess any property, Plaintiffs' rights to exclude anyone from any property, and Plaintiffs' ability to dispose of property.  In addition, with the exception of certain major capital improvements, improvements such as driveways, travel lanes, parking stalls, utilities, and signs are allowed when a hardship is demonstrated and the use is shown to be reasonably conditioned to meet the intent of the FAA.

Plaintiffs have not shown that the FAA deprived them of all economically viable use of the property.

### 2.   Investment-Backed Expectations

Subsequent to the imposition of the FAA, Plaintiffs sold a section of the property subject to the FAA to the SCLD for $453,650.

---

[5]A loss of value, standing alone, does not amount to a taking.  *Mayer Built Homes, Inc. v. Town of Steilacoom*, 17 Wash.App. 558, 564 (1977) (downzoning that reduced value not a taking); *Penn Central*, 438 U.S. at 131 ("[Supreme Court precedent] uniformly reject[s] the proposition that diminution in property value, standing alone, can establish a 'taking.'").

ORDER . . . - 11

This sale evinces that the FAA did not render the entire parcel valueless, nor did the FAA impede Plaintiffs' ability to dispose of the property subject to the FAA.  Plaintiffs fail to show that the governmental regulation interfered with "distinct investment-backed expectations."

### 3.    Character of the Governmental Action

There is no evidence that the City imposed the FAA in a manner calculated to discriminate against Plaintiffs or that Plaintiffs have been singled out for differential treatment in an irrational and wholly arbitrary manner.  There is no indication that the City has acted improperly.

The issue before the Court is whether there was a taking on October 23, 2009, when the City imposed the FAA, or whether a taking will occur on a future date when the City acquires an interest in the FAA-regulated property to begin construction on Appleway Avenue.  As indicated above, Plaintiffs are not able to show that the FAA deprived them of all economically viable use of the land or that the governmental regulation interfered with "distinct investment-backed expectations."  Furthermore, there is no evidence that the City imposed the FAA in an inappropriate manner.  Therefore, the City has not acquired a property interest as a result of the FAA.

It is undisputed that the City will be required to provide just compensation when the City acquires an interest in the FAA-regulated property in order to construct Appleway Avenue.  (Ct. Rec. 43 at 17).  Based on the undisputed facts before the Court, the Court concludes that no taking will occur until that point in time.

ORDER . . . - 12

"[A] party challenging governmental action as an unconstitutional taking bears a substantial burden." *Eastern Enterprises v. Apfel*, 524 U.S. 498, 523 (1998).  Plaintiffs have failed to meet that burden.  Therefore, summary judgment in favor of the City as to the takings claim will be granted and summary judgment for Plaintiffs will be denied.

**III. SUBSTANTIVE DUE PROCESS CLAIM**

Defendant's motion for summary judgment asserts that Plaintiffs' substantive due process claim should also be dismissed.  (Ct. Rec. 29 at 14-19).  "To establish a violation of substantive due process . . ., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."  *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations and internal quotations omitted).

Plaintiffs' response asserts, without elaboration, that "the City is clearly arbitrary and capricious."  (Ct. Rec. 48 at 15).  However, Plaintiffs have not adequately explained how the City's conduct is arbitrary and capricious.  Plaintiffs response does not provide a sufficient basis to support their substantive due process claim.

To maintain a substantive due process claim, Plaintiffs must show that the City's actions lacked a rational relationship to a government interest.  *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 485 (9th Cir. 2008); *see also Christensen v. Yolo County Bd. of Supervisors*, 995 F.2d 161, 165 (9th Cir. 1993) ("The rational relationship test . . . applies to substantive due process challenges

to property zoning ordinances."). Here, the City indicates that the intent of the FAA is to assure the proper function of roads, arterials and the roadway network of the City. (Ct. Rec. 29 at 18); SVMC § 14.710.00. The regulation intends to: (1) improve roadway safety, (2) provide for roadway expansion, (3) establish new roadways, (4) provide developers and property owners with an understanding of the future location and width of roadways, (5) reduce future impacts on property owners, and (6) minimize the cost of such improvements to the taxpayers of this County and State. *Id*. The City asserts that the planning activities are directly related to future investment in public infrastructure for transportation and blight reduction. (Ct. Rec. 43 at 9-10). Plaintiffs do not dispute that the FAA could advance the City's intended purpose as outlined above. Accordingly, Plaintiffs do not assert that the FAA lacked a rational relationship to the stated planning goals.

The Court grants Defendant's summary judgment motion with respect to the substantive due process claim because Plaintiffs have not established a sufficient basis for a finding that the City's actions were clearly arbitrary and unreasonable or that the FAA lacked a rational relationship to a government interest. Plaintiffs' substantive due process claim is dismissed.

**IV.  CLAIM PURSUANT TO RCW 64.40**

RCW 64.40 establishes a claim for damages for the conduct of an agency that is considered "arbitrary, capricious, unlawful, or exceed[ing] lawful authority." RCW 64.40.020. With respect to their claim that the City violated RCW 64.40, Plaintiffs have not shown how

ORDER . . . - 14

the City's actions were arbitrary and capricious and have provided insufficient information to challenge Defendant's summary judgment motion with respect to the state law claim.  Accordingly, the Court grants Defendant's motion with respect to this claim.  Plaintiffs' cause of action under RCW 64.40 is dismissed.

**RULING**

The Court being fully advised, **IT IS HEREBY ORDERED as follows**:

1.  Defendants' Motion for Summary Judgment **(Ct. Rec. 27)** is **GRANTED.**

2.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 33)** is **DENIED.**

3.  Judgment shall be entered in favor of Defendant.  Plaintiffs' action shall be dismissed in its entirety.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, provide copies to counsel, **enter judgment in favor of Defendant** and **close the file.**

**DATED** this ___5th___ day of March, 2010.

_____
                S/Fred Van Sickle
                Fred Van Sickle
        Senior United States District Judge

ORDER . . . - 15